# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| Celestial, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:12-cv-83-FtM-99DNF |
| DOES 1-378 | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Comcast Cable Communications, Attn: Custodian of Records, 650 Centerton Road, Moorestown, NJ 08057
Fax: 866- 947-5587

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to the attached Order, provide the name, current (and permanent) address, telephone numbers, email addresses, and Media Access Control addresses, of all individuals ("John Does") whose IP addresses are in your possession and listed in the attached spreadsheet.

| Place: Jeffrey W. Weaver, Dunlap, Grubb & Weaver, PLLC 780 5th Avenue South, Ste 200, Naples, FL 34102 | Date and Time: 05/11/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  04/09/2011

CLERK OF COURT                                          OR    *[signature]*

_____                                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  __Plaintiff__
__Celestial, Inc.__ , who issues or requests this subpoena, are:
Jeffrey W. Weaver, Dunlap, Grubb & Weaver, PLLC, 780 5th Avenue South, Ste 200, Naples, FL 34102
Tel: (866) 999-3758, Fax: (866) 999-3758 email: mail@acerapayment.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:12-cv-83-FtM-99DNF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                      *Server's signature*

                             _____
                                      *Printed name and title*


                             _____
                                      *Server's address*

Additional information regarding attempted service, etc:

# comcast.

NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

May 2, 2012

*Personal and Confidential*

*Via UPS Delivery*

NOVITECH TUNING
15420 SW 136TH ST UNIT 8
MIAMI, FL 33196-2672

[handwritten: Comcast called on 05/07/12 @ 7:00pm
Ref. # CR286031260
(571) 252-3153
vale]

Re:   *Celestial, Inc. v. Does 1-378*
      United States District Court for the Middle District of Florida
      Docket No.: 2:12-cv-00083
      Order Entered: March 12, 2012
      Comcast File #: 322059

Dear Sir/ Madam:

Celestial, Inc. has filed a federal lawsuit in the United States District Court for the Middle District of Florida. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Celestial, Inc.'s copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 98.211.187.99 on 6/9/2011 12:04:51 AM GMT. The court has ordered Comcast to supply your name, address and other information to Celestial, Inc. in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 2:12-cv-00083 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

Comcast will provide your name, address and other information as directed in the Order unless you or your attorney file something with the Middle District of Florida such as a motion to quash or vacate the Subpoena no later than June 1, 2012. Should you choose to contest the release of your information by filing legal process with the court, it must be filed in the same court where the lawsuit is filed. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to **(866) 947-5587** no later than June 1, 2012. **Please note that Comcast cannot accept or file any legal action on your behalf.** If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff on the next business day after June 1, 2012.

If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments:   Copy of Court Order and accompanying Subpoena regarding civil action

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CELESTIAL, INC.,

           Plaintiff,

-vs-                                              Case No. 2:12-cv-83-FtM-99DNF

JOHN DOES, 1-378,

           Defendant.

_____

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| MOTION: | MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE (Doc. No. 5) |
| FILED: | March 5, 2012 |
| THEREON it is ORDERED that the motion is GRANTED. | |

The Plaintiff, Celestial, Inc. is requesting leave to take discovery prior to the FED. R. CIV. P. 26(f) conference. The Plaintiff is a film-maker and holds motion picture copyrights. The Plaintiff filed this action for copyright infringement of one of its motion picture copyrights. The Plaintiff is suing the Defendants for using the internet and the "BitTorrent protocol" to commit copyright infringement. The Plaintiff does not know the identities of the Defendants, but can identify them by their Internet Protocol ("IP") addresses which were assigned to the Defendants by their Internet Service Providers ("ISP"). The Plaintiff is requesting leave to serve limited discovery on non-party

ISPs solely to determine the true identities of the Doe Defendants, as well as any other infringers that the Plaintiff identifies during the course of the litigation. The Plaintiff anticipates serving subpoenas on the ISPs requesting the identifying information for the Defendants. If the first ISP does not have the information, it may be able to identify an intermediary ISP with that information, and the Plaintiff would like to serve a subpoena on that ISP and request identifying information for the Defendants.

Pursuant to Local Rule 3.05(c)(2)(B), normally discovery is not permitted prior to the case management meeting. M.D. Fla. L.R. 3.05(c)(2)(B). Further, FED. R. CIV. P. 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

In the instant case, a Rule 26 conference cannot take place until the identities of the Defendants are known and the Defendants have been served. The Plaintiff has shown that it has attempted to identify the Defendants and is not able to identify them based upon the information known to them. The Plaintiff has shown good cause to conduct limited discovery prior to a Rule 26 conference. The Court will allow the Plaintiff to conduct limited discovery by serving subpoenas on ISPs to determine the names, addresses, telephone numbers, e-mail addresses and Media Access Control addresses of the Defendants to whom the ISP assigned an IP address as set forth in Exhibit A to the Complaint (Doc. 1) or any other service provider that is later identified in response to these initial subpoenas.

**IT IS FURTHER ORDERED:**

1) The Plaintiff is permitted limited discovery to serve subpoenas to determine the names, addresses, telephone numbers, e-mail addresses and Media Access Control Addresses of the

Defendants to whom the ISP assigned an IP address as set forth in Exhibit A of the Complaint (Doc. 1) or any other service provider that is later identified in response to these initial subpoenas.

2) The Plaintiff shall attach a copy of this Order with the subpoenas, and this Order shall be considered an appropriate court order under 47 U.S.C. §551.

3) Any ISP that receives a subpoena pursuant to this Order shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, however, an ISP may elect to charge a reasonable amount for the costs of production.

4) Any ISP that receives a subpoena shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

5) Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this __12th__ day of March, 2012.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record