UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

| | |
|---|---|
| **CELESTIAL, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA. 2:12-cv-83-UA-DNF |
| ) | |
| DOES 1 – 378, et al ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR SECOND EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS [Fed. R. Civ. P. 4(m)]**

I. INTRODUCTION

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture over the Internet. At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on February 15, 2012 and named Does 1-378 as Defendants. [Doc. No. 1] Because of delays in verifying data and obtaining affidavits, Plaintiff was not able to file a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference

until March 5, 2012. [Doc. No. 5] The Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on March 12, 2012. [Doc. No. 9]. This Court subsequently granted an extension of time to name and serve the Doe Defendants on June 23, 2012. [Doc. No. 36].

Pursuant to the March 12, 2012 Order, Plaintiff has served the ISPs with a subpoena to identify the Doe Defendants. This Court quashed that Subpoena in its July 19, 2012 Order (Doc. No. 82). Plaintiff has begun to draft and issue new subpoenas that comply with the July 19th Order. Additionally, it will take more time for the ISPs to notify its customers and comply with the reissued subpoenas. Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has received the identifying information for the Defendants.[1]

II. ARGUMENT

    A.    UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period." Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in

---

[1] Based on this Court's June 23, 2012 Order [Doc. No. 36], Plaintiff's current deadline pursuant to name and serve the Defendants is October 1, 2012.

2

absence of good cause. See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654); Lepone–Dempsey v. Carroll Cnty. Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).[2]

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the

---

[2] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### B. PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff has good cause why it has not named and served the Doe Defendants in this case. Plaintiff has not received the identifying information for all of the Doe Defendants from all of the ISPs as of the date of this motion.

Plaintiff's original subpoena has been quashed, and Plaintiff was forced to reissue subpoenas in compliance with this Court's June 23, 2012 Order. [Doc. No. 36]. Prior to that Order, and as of this date, the ISP Comcast has not sent Plaintiff's counsel any production pursuant to the subpoena.

Additionally, Plaintiff plans on sending correspondence to the Doe Defendants identified by the ISPs before naming and serving them. Accordingly, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has not yet received all of the identifying information for all Doe Defendants. Second, Plaintiff has not yet been able to send correspondence to the Doe Defendants in an attempt to reduce the number of Defendants and lessen the overall litigation of this case. Further, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information for

the Doe Defendants/IP addresses. In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[3] In an abundance of caution, Plaintiff requests at least an additional 120 days in which to name and serve, or voluntarily dismiss without prejudice, the remaining Doe Defendants.

                                Respectfully submitted,
                                NU IMAGE, INC.

DATED: September 28, 2012

                              By:       /s/ Jeffrey Weaver
                                         Jeffrey W. Weaver
                                         Florida Bar No. 178780
                                         DUNLAP, GRUBB & WEAVER, PLLC
                                         780 5th Avenue South, Ste 200
                                         Naples, FL 34102
                                         Telephone: 239-349-2566
                                         Facsimile: 703-777-3656
                                         subpoena@dglegal.com
                                         *Counsel for the Plaintiff*

---

[3] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).